0486.gar

FILED

FEB - 4 2008

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NORMA C. NORMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case Number:  **CIV 0 8 - 0 4 2 - S P S** |
| | ) | |
| UNITED STATES OF AMERICA, *ex rel.* | ) | |
| Department of Health and Human Services, | ) | |
| Indian Health Service d/b/a Choctaw Nation | ) | |
| Health Care Center, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Comes now plaintiff, Norma C. Norman, and submits her original complaint against defendant, United States of America, *ex rel.* Department of Health and Human Services, Indian Health Service d/b/a Choctaw Nation Health Care Center (hereinafter "United States of America"), as follows:

### PARTIES/JURISDICTION/VENUE

1.     Plaintiff is a resident of Durant, Oklahoma, Bryan County, and member of the Choctaw Nation.

2.     This action has been brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq.*  United States of America is the named defendant on behalf of and/or in relation to federal agency, the Department of Health and Human Services, Indian Health Service doing business at the time of the events giving rise to this action as Choctaw Nation Health Care Center and its employed health care providers.  The acts and/or omissions giving rise to this personal injury/medical malpractice action occurred during April 2004 at Choctaw Nation Health Care Center

Consent form given

in Talihina, Oklahoma, LeFlore County; thus, jurisdiction and venue are appropriate.

3.       Before filing the present action, plaintiff timely submitted an administrative claim and same was acknowledged as received by the Department of Health and Human Services on November 16, 2004. At the agency's invitation, plaintiff also took part in the DHHS Early Offers Pilot Program and submitted a confidential offer accordingly. To date, neither disposition of the administrative claim nor acceptance of the offer has been provided. Plaintiff has satisfied and exhausted all conditions precedent to filing suit and now submits this action accordingly.

4.       Chukwukadibia J. Odunukwe, M.D., is a medical doctor and is licensed to practice medicine in Oklahoma. During April 2004, and at all times during the events giving rise to this action, Dr. Odunukwe was an employee and/or agent of Choctaw Nation Health Care Center acting within the scope of his office or employment.

5.       Antoine Jumelle, M.D., is a medical doctor and is licensed to practice medicine in Oklahoma. During April 2004, and at all times during the events giving rise to this action, Dr. Jumelle was an employee and/or agent of Choctaw Nation Health Care Center acting within the scope of his office or employment.

BACKGROUND

6.       On or about April 23, 2004, Dr. Odunukwe performed planned outpatient laparoscopic surgery on plaintiff to remove her gallbladder. The surgery took place at Choctaw Nation Health Care Center. During the surgery, Dr. Odunukwe injured plaintiff's bile duct.

7.       Postoperatively, plaintiff's condition was inappropriate for planned discharge and she was admitted to the hospital. By 11:30 a.m. on postoperative day one – April 24, 2004 – Dr.

Odunukwe's colleague, Dr. Jumelle, had evaluated plaintiff and decided it was necessary to rule out potential intraoperative complications as the cause for plaintiff's unanticipated postoperative course. Despite continued worsening of plaintiff's condition, including but not limited to abnormal pain and abnormal liver function – harbingers of probable bile leak and/or biliary damage – Dr. Jumelle and Dr. Odunukwe waited until April 27, 2004 (postoperative day four), to obtain a CT scan of plaintiff's abdomen and pelvis.

8.      After the April 27 CT scan revealed a likely biloma (collection of bile), Dr. Odunukwe arranged a transfer to Tulsa Regional Medical Center by ambulance on April 28, 2004, so that gastroenterologist, David Morris, D.O., could attempt ERCP (endoscopic retrograde cholangiopancreatography) and stent placement inside the injured bile duct. Due to the severity of the injuries caused by Dr. Odunukwe, Dr. Morris's procedure was unsuccessful and had to be aborted. Dr. Morris contacted Dr. Odunukwe by telephone and advised him that the procedure had been unsuccessful and that, due to the extent of the bile leak, plaintiff needed surgical intervention to treat same. Dr. Morris diagnosed a major bile duct injury with large free flow of bile into the peritoneal cavity. Dr. Odunukwe ordered the hospital in Tulsa to return plaintiff to Choctaw Nation Health Care Center. Plaintiff arrived back in Talihina at approximately 5:30 p.m. on April 28, 2004.

9.      Despite specifically noting that Dr. Morris's findings were ominous and reflected bad news, it took Dr. Odunukwe and Dr. Jumelle until the morning of April 30, 2004, to transfer plaintiff to a facility with the capabilities to address her significant injuries. By the time plaintiff arrived at Zale Lipshy University Hospital in Dallas, Texas on April 30 – again via ambulance – her condition was poor. Plaintiff presented with severe bile peritonitis and had to be given fresh frozen plasma to

- 3 -

correct a coagulopathy before surgical intervention could be implemented.

10.     On May 1, 2004, plaintiff underwent exploratory laparotomy to drain the significant amount of bile that had collected. Approximately 4.5 liters of bile were drained during the surgery, the peritoneal cavity was extensively washed and drains were placed for postoperative drainage of bile.

11.     After multiple readmissions to Zale Lipshy University Hospital due to postoperative complications, the decision was made to attempt definitive repair of the damaged bile duct. On June 1, 2004, plaintiff underwent hepaticojejunostomy (surgical bypass of the common hepatic duct to the jejunum).

12.     In total, plaintiff was hospitalized for approximately 36 days and endured numerous procedures following what had originally been planned as an outpatient gallbladder removal surgery.

COUNT I – NEGLIGENCE

13.     Defendant, United States of America, through Choctaw Nation Health Care Center and its employee and/or agent health care providers, owed plaintiff a duty to provide reasonable care. The care and treatment of Dr. Odunukwe, Dr. Jumelle and other employee and/or agent health care providers at Choctaw Nation Health Care Center fell below the applicable standard of care; thus, the duty owed to plaintiff was breached.

14.     The substandard care and treatment of defendant, through Choctaw Nation Health Care Center and its employee and/or agent health care providers, was the proximate cause of the injuries to plaintiff.

15.     As the direct result of defendant's negligence, through Choctaw Nation Health Care Center and its employee and/or agent health care providers, plaintiff has incurred and will incur: physical

- 4 -

pain and suffering; mental pain and suffering; physical impairment; medical expenses; the probability of future sequelae and/or complications due to the injuries that were suffered.

COUNT II – INFORMED CONSENT

16.     Prior to the April 23, 2004, laparoscopic gallbladder removal surgery, plaintiff was advised of various complications associated with surgery of this nature, including but not limited to potential injury to the common bile duct and bile leak.  However, plaintiff was never advised prior to surgery by Dr. Odunukwe or any health care provider at Choctaw Nation Health Care Center that said hospital and staff lacked the facilities and/or capabilities to treat the associated complications.

17.     Defendant, through Choctaw Nation Health Care Center and its employee and/or agent health care providers, owed plaintiff a duty to disclose all relevant information to enable her to make an informed decision on whether to consent to or reject the proposed gallbladder removal surgery. Defendant, through Choctaw Nation Health Care Center and its employee and/or agent health care providers, failed to disclose that said hospital and staff lacked the facilities and/or capabilities to treat the complications associated with gallbladder removal surgery; thus, the duty owed to plaintiff was breached.

18.     Had plaintiff been properly informed prior to surgery that the hospital and staff lacked the facilities and/or capabilities to treat the complications associated with gallbladder removal surgery, she would have refused to undergo the planned surgery at Choctaw Nation Health Care Center, opting instead for gallbladder removal at an alternate hospital that was appropriately equipped and staffed to handle such complications.

19.     Plaintiff suffered extensive and unnecessary injuries as a result of defendant's failure to

- 5 -

disclose the risk of proceeding with gallbladder removal surgery in a facility lacking appropriate equipment and staffing. Defendant's failure to obtain plaintiff's informed consent, through Choctaw Nation Health Care Center and its employee and/or agent health care providers, constitutes negligence and/or a medical battery and, as a direct result, plaintiff has incurred and will incur: physical pain and suffering; mental pain and suffering; physical impairment; medical expenses; the probability of future sequelae and/or complications due to the injuries that were suffered.

WHEREFORE, plaintiff prays for judgment against defendant for actual and compensatory money damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs and any additional relief that the court deems appropriate.

ROWLAND & BLASDEL

Geremy A. Rowland   OBA No. 18822
500 North Walker, Suite E200
Oklahoma City, OK 73102
405/606-4411
405/606-4410 (fax)
geremyrowland@coxinet.net

Attorney for Plaintiff,
Norma C. Norman

**Attorney's Lien Claimed**